**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| AVRAHOM ORLOFF, MOSHE SILBER, | ) | |
| BUCKINGHAM AND CRESTVIEW TIC I, | ) | |
| LLC,  BUCKINGHAM AND CRESTVIEW | ) | |
| TIC II, LLC AND BUCKINGHAM & | ) | |
| CRESTVIEW TIC III, LLC, | ) | |
| | ) | 3:23-CV-50097 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| USHA KAMARIA, RAJIV KAMARIA, | ) | |
| BUCKINGHAM SQUARE, LLC and | ) | |
| CRESTVIEW MANOR APARTMENTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT, AFFIRMATIVE**
**DEFENSES AND COUNTERCLAIM**

NOW COME Defendants, USHA KAMARIA, RAJIV KAMARIA, BUCKINGHAM SQUARE, LLC and CRESTVIEW MANOR APARTMENTS, LLC, by and through their attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, LLP and for their Answer to the Third Amended Complaint, Affirmative Defenses and Counterclaim respectfully states as follows:

1.     This is an action seeking damages for breach of contract, fraud, two counts of fraudulent inducement, fraudulent concealment and intentional interference with a contractual relationship arising out of Plaintiffs' purchase of certain commercial residential real estate properties located in Rockford, Illinois.

**ANSWER**:  The Defendants admit that the Plaintiffs have filed this Third Amended Complaint but denies the remaining allegations contained in Paragraph 1 of the Third Amended Complaint.

2.     Defendants, sellers of the property at issues and/or agents of the sellers, made representations to Plaintiffs regarding the value and condition of the properties and the real estate taxes for the properties.  Defendants then breached the contract as well as interfered with Plaintiffs

1

contractual relationships with tenants by collecting rents, that were in no way due to Defendants, and coercing tenants prematurely break their lease agreements and thus impacting the rent collected from the properties each month.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 2 of the Third Amended Complaint.

3.      Defendants' wrongful actions cause Plaintiffs to suffer damages including, at least equal to the value of the decrease in the property caused by Defendants actions, loss revenue from wrongfully collected rent from tenants despite no lawful jurisdiction, and otherwise unnecessary and unjust expenditure of fees and costs associated with investigating, uncovering and correcting Defendants' fraudulent and breaching behavior.

**ANSWER**:   The Defendants deny the allegations contained in Paragraph 3 of the Third Amended Complaint.

## THE PARTIES

4.      Plaintiffs, Avrahom Orloff and Moshe Silber, are individual real estate investors who reside in the State of California.

**ANSWER**:  The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Third Amended Complaint and therefore deny the same.

5.      The Corporate Plaintiffs Buckingham and Crestview TIC I, LLC, Buckingham and Crestview TIC II, LLC, and Buckingham and Crestview TIC III, LLC are Delaware LLCs registered to do business in the State of Illinois.

**ANSWER**: The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Third Amended Complaint and therefore deny the same.

6.      Plaintiff Buckingham and Crestview TIC I, LLC has just one member, Plaintiff Silber, who is a citizen of California. Therefore, Plaintiff Buckingham and Crestview TIC I, LLC is a citizen of California.

**ANSWER**:  The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Third Amended Complaint and therefore deny the same.

7.    Plaintiff Buckingham and Crestview TIC II, LLC has just one member, 707 W. 48th St., LLC, a California limited liability company that has its principal place of business and headquarters in California.  In Turn, 707 W. 38th St., LLC has two members, Plaintiff Orloff and his wife Aliza Orloff, both of whom are citizens of New Jersey. Therefore, Plaintiff Buckingham and Crestview TIC II, LLC is a citizen of California and New Jersey.

**<u>ANSWER</u>**:  The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Third Amended Complaint and therefore deny the same.

8.    Plaintiff Buckingham and Crestview TIC III, LLC also has just one member, Value Add Holdings, LLC, a California limited liability company that has its principal place of business and headquarters in California. In turn, Value Add Holdings, LLC also has two members, Plaintiff Orloff and his wife, Aliza Orloff, both of whom are citizens of New Jersey. Therefore, Plaintiff Buckingham and Crestview TIC III, LLC is a citizen of California and New Jersey.

**<u>ANSWER</u>**:  The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Third Amended Complaint and therefore deny the same.

9.    Upon information belief at the time of this Amended Complaint was filed, including her position as management and as the registered agent of Corporate Defendants in Illinois, owning residential property in Illinois; and advocacy for local businesses in Skokie, Illinois, Defendant Usha Kamaria ("Usha"), an individual, is domiciled in the State of Illinois and intends to remain. Defendant Usha is a principal employee, manager and agent of both Buckingham Square, LLC and Crestview Manor Apartments, LLC and as such is authorized to make binding statements and enter into contractual obligations on behalf of Buckingham Square, LLC and Crestview Manor Apartments, LLC. Based on the aforesaid information and belief, Defendant Usha is therefore a citizen of the State of Illinois.

**<u>ANSWER</u>**:  The Defendants admit the allegations contained in Paragraph 9 of the Third Amended Complaint.

10.    At all times herein, Defendant Usha was acting in her official capacity as principal, employee, manager, and/or agent of the Corporate Defendants and was authorized to make statements and enter into binding agreements on behalf of Corporate Defendants.

**ANSWER**: The Defendants admit the allegations contained in Paragraph 10 of the Third Amended Complaint.

11.     Upon information and belief at the time of this Amended Complaint was filed, including his position as manager of Corporate Defendants, and the registered agent of a non-profit corporation in Illinois, Defendant Rajiv Kamaria ("Rajiv"), an individual, is domiciled in the State of Illinois and intends to remain. Defendant Rajiv is an employee and/or agent of both Corporate Defendants and as such is authorized to make binding statements and enter into contractual obligations on behalf of Corporate Defendants. Based on the aforesaid information and belief, Defendant Rajiv is therefore a citizen of the State of Illinois.

**ANSWER**: The Defendants admit the allegations contained in Paragraph 11 of the Third Amended Complaint.

12.     At all times herein, Defendant Rajiv was acting in his official capacity as principal employee, manager, and/or agent of the Corporate Defendants and was authorized to make statements and enter into binding agreements on behalf of Corporate Defendants.

**ANSWER**: The Defendants admit the allegations contained in Paragraph 12 of the Third Amended Complaint.

13.     Based on information and belief at the time this Amended Complaint was filed, Defendants Buckingham Square LLC, and Crestview Manor Apartments LLC, the Corporate Defendants, are both limited liability companies organized, based, and doing business in the State of Illinois. Based on the aforesaid information and belief, The three members of the Corporate Defendants' LLCs are Usha Kamaria and her husband Omprakash Kamaria as well as Rajiv Kamaria, and thus the citizenship of the Corporate Defendants is the state of Illinois.

**ANSWER**: The Defendants admit the allegations contained in Paragraph 13 of the Third Amended Complaint.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the parties are completely diverse and the matter in controversy exceeds $75,000.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 14 of the Third Amended Complaint.

15.     This Court has personal jurisdiction over Defendant Usha Kamaria because she is a resident of the State of Illinois, has owned real property in Illinois, and has contracted for the sale of real property in Illinois.

**ANSWER**:  The Defendants admit the allegations contained in Paragraph 15 of the Third Amended Complaint.

16.     This Court has personal jurisdiction over Defendant Rajiv Kamaria because he is a resident of the State of Illinois and has owned real property in Illinois.

**ANSWER**:  The Defendants admit the allegations contained in Paragraph 16 of the Third amended Complaint.

17.     This Court has personal jurisdiction over Buckingham Square LLC and Crestview Manor Apartments LLC because each is organized as an LLC in Illinois, owned real property in Illinois, and engaged in contractional sale of real property in Illinois.

**ANSWER**:  The Defendants admit the allegations contained in Paragraph 17 of the Third Amended Complaint.

18.     This court also has *in rem* jurisdiction as the parties dispute revolves around the contract for the sale of real property located in Rockford, Illinois. The properties at issue in this case (hereinafter referred to as the "Properties") are as follows:

        (1) 4116 Florida Dr., Rockford, IL;
        (2) 4208 Florida Dr., Rockford, IL;
        (3) 4115 Florida Dr. Rockford, IL;
        (4) 4205 Florida Dr., Rockford, IL;
        (5) 4309 Florida Dr., Rockford, IL;
        (6) 2305 S. Alpine Rd., Rockford, IL;
        (7) 2315 Eastmoreland Ave., Rockford, IL;
        (8) 2404 Eastmoreland Ave., Rockford, IL.

**ANSWER**:  The Defendants admit the allegations contained in Paragraph 18 of the Third Amended Complaint.

19.     Venue is proper in this District under 31 U.S.C. §3732(a) and 28 U.S.C. §1391(b), because Defendants transact business in this District, and the parties dispute revolves around the parties' contract for the sale of real property located in this District.

**ANSWER**:  The Defendants admit the allegations contained in Paragraph 19 of the Third Amended Complaint.

## FACTS

20.     On or about January 18, 2022, the parties entered into a Real Estate Sale Contract for the sale of the Properties from the Corporate Defendants and Defendant Usha to Plaintiffs (hereinafter the "Contract," attached as Exhibit A).

**ANSWER**:  The Defendants admit the allegation contained in Paragraph 20 in that a Contract was entered into by the Corporate Defendants but deny that the Contract was entered into with Defendant Usha and further states that the Effective Date of the said Contract is set forth in the Contract.

21.     Both Plaintiffs signed the Contract as the Buyers on January 30, 2022.

**ANSWER**: The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Third Amended Complaint and therefore deny the same.

22.     Defendant Usha Kamaria, as agent for both Corporate Defendants, also signed the contract January 30, 2022 on behalf of all Sellers.

**ANSWER**:  The Defendants admit the allegations contained in Paragraph 22 of the Third Amended Complaint.

23.     On January 31, 2022, Plaintiffs performed under the contract by submitting $200,000 to Chicago Title Insurance Company as escrow deposit for the purchase of the Properties.

**ANSWER**:  The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of the Third Amended Complaint and therefore deny the same.

24.     Under §3 of the Contract, Defendants, as Sellers, were obligated to provide Plaintiffs with "true and correct in all material respects" copies of the requested documents and information and any other documents or information "reasonably required to carry out the terms and intent of the Contract.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 24 of the Third Amended Complaint.

25.     Moreover, under §9 of the Contract, Defendants agreed and were obligated to provide Plaintiffs with "true and correct" copies of:

I.      All rental agreements, tax bills, "and other written agreements or notices which affect the Property;"

II.     An Operating Statement for the Properties for the "12 calendar months immediately preceding [January 18, 2022]: and

III.    A complete and current rent roll, including a schedule of all tenant deposits and fees.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 25 of the Third Amended Complaint but states that the Contract speaks for itself.

26.    Defendants further warranted under §9(c) of the Contract that "[t]he rent roll for the Properties…shall be true and correct in all respects".

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 26 of the Third Amended Complaint but state that the Contract speaks for itself.

27.    Defendants never performed their duties and obligations under the Contract, and instead provided wrong, inaccurate, and intentionally misleading documents and information to Plaintiffs.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 27 of the Third Amended Complaint.

28.    While still negotiating the contract, on January 12, 2022, Defendants, via their agent Farris Gosea, stated in an email to Plaintiffs that "all roofs are less than 4 years old." Defendants caused this information to be communicated to Plaintiffs in hopes of Plaintiffs reliance on this information for an increase in the purchase price.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 28 of the Third Amended Complaint, but state that an email was sent on January 12, 2022 by Faris Gosen.

29.    On January 18, 2022, as the Parties were still negotiating the terms of the contract, Defendants, via their real estate agent, cause Plaintiffs to be provided with an Offering Memorandum (the "OM"). The OM was supposed to provide true and accurate financial information about the Properties, information which Defendants knew would be relied on by Sellers in deciding to purchase the Properties.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 29 of the Third Amended Complaint.

30. However, to Plaintiffs detriment, the OM intentionally misstated real estate taxes which caused Plaintiffs to incur an increased tax burden, which was other not disclosed to them.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 30 of the Third Amended Complaint.

31. On January 15, 2022, Defendants via their real estate agent, also provided via email an Income Expense Report ("IER") to Plaintiffs. This IER, as required by the Contract, propounded to provide property tax information. However, this IER provided wrong, inaccurate and intentionally misleading information for property taxes in previous years associated with the Properties.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 31 of the Third amended Complaint.

32. Defendants thus caused Plaintiffs to incur a significant increase in the tax burden for the properties.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 32 of the Third Amended Complaint.

33. Despite possessing correct information, Defendants never corrected any of the wrong, inaccurate, and intentionally misleading information which they provided Plaintiffs.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 33 of the Third Amended Complaint.

34. Defendants sought to reassure Plaintiffs of the accuracy of these figures when again Defendants provided wrong, inaccurate, and intentionally misleading information on January 19, 2022. On this date, Defendants' real estate broker, acting within their official capacity as agent for Defendants, sent an email to Plaintiffs purporting to provide "updated" income statements.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 34 of the Third Amended Complaint.

35. Yet this "updated" income statement still contained property tax figures which were exactly the same as the incorrect information provided in the initial OM and IER.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 35 of the Third Amended Complaint.

36. The parties also executed the First Amendment to Real Estate Sale Contract, made February 16, 2022 and fully executed by both Plaintiffs and Defendant Usha on behalf of the Corporate Defendants (hereinafter the "First Amendment").

**ANSWER**: The Defendants admit the allegations contained in Paragraph 36 of the Third Amended Complaint.

37. Defendants not only produced wrongful, inaccurate and intentionally misleading information to Plaintiffs in the OM and IER, but also violated the terms and conditions of the First Amendment to the Real Estate Purchase Sale Contract.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 37 of the Third Amended Complaint.

38. Section 5 of the First Amendment requires Defendants to provide "all rental agreements, leases, [and] service contracts…" and "[a] complete and current rent roll, including a schedule of all tenant deposits and fees."

**ANSWER**: The Defendants admit it is a partial restatement of Section 5 of the First Amendment but deny the remaining allegations contained in Paragraph 38 of the Third Amended Complaint.

39. On February 21, 2022, Defendant Rajiv, as agent for the Corporate Defendants, via email provided wrong, inaccurate, and intentionally misleading information about tenants, their leases, their rents, deposits, and fees associated with those leases.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 39 of the Third Amended Complaint.

40. One example of the wrong, inaccurate, and intentionally misleading information provided by Defendant Rajiv to Plaintiffs was that Defendant Rajiv did not inform Plaintiffs that approx. 4-6 tenants paid rents for several months in advance, the payments were made to Defendants, but those payments were never disclosed to Plaintiffs and Defendants retained the funds knowing they did not have any legal claim to the funds.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 40 of the Third Amended Complaint.

41. Another example of the fraudulent information provided by Defendants to Plaintiffs is that one unit of the Properties is occupied, rent free and without a lease in place, by a housekeeper for the Properties who is a friend of Defendants.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 41 of the Third Amended Complaint.

42.     Section 8 of the First Amendment states in relevant part, "Seller shall not enter into any…lease modification."

**ANSWER**:  The Defendants admit the allegation contained in Paragraph 42 of the Third Amended Complaint in that it is a partial restatement of Section 8 of the First Amendment.

43.     On information and belief, Defendant Rajiv, on or about March 1, 2022, issued approx. 15- 20 "Notice to Vacate" letters to the tenants of the Properties.

**ANSWER**:  The Defendants admit the allegations contained in Paragraph 43 of the Third Amended Complaint.

44.     On information and belief, Defendant Rajiv's interference with the lease agreements caused Plaintiffs to suffer actual loss of rental income.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 44 of the Third Amended Complaint.

45.     Further evidence of Defendants fraudulent statements, Despite Defendants' claims that all the roofs were "less than 4 years old" it was discovered that at least two of the properties, 2315 Eastmoreland and 2404 Eastmoreland, had roofs significantly older than 4 years, were damaged to the point of significant leaking and lack of structural integrity, and required immediate repair and/or replacement.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 45 of the Third Amended Complaint.

46.     When Plaintiffs contacted their insurance company for these properties, Plaintiffs were informed that despite no longer being the owners of the properties, and having no claim to any payment, Defendants caused a false insurance claim to be filed in an attempt to collect an insurance payment for the damaged roofs, knowing they had no legal justification to receive such payment.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 46 of the Third Amended Complaint.

47.     Defendants' misrepresentations regarding the age of the roofs caused Plaintiffs to suffer damages in an amount equal to the increase in the purchase price based on the representation,

damages in an amount equal to cost of repairs, and damages incurred as a result of a false insurance claim being filed under their policy.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 47 of the Third Amended Complaint.

48. As part of operation of the Properties, its rental and leasing management conducted business, including email communication, with the following Google account: buckinghamsquareapts@gmail.com ("Buckingham Google Account").

**ANSWER**: The Defendants admit the allegations contained in Paragraph 47 of the Third Amended Complaint.

49. In connection with the purchase of the Properties, the Parties executed a Bill of Sale on April 13, 2023.

**ANSWER**: The Defendants admit the allegations contained in Paragraph 49 of the Third Amended Complaint.

50. The sale included the following items:

> All property, tangible and intangible, identified in the Real Estate Sale Contract, ("Contract") dated January 18, 2022 as amended, including all of fixtures, fixtures and equipment, all interest in any leases, rents and security deposits affecting the subject Properties, license and occupancy agreements, all assignable service contracts and all other property and all other property used in connection with the rental and leasing of the Properties pertaining thereto.

**ANSWER**: The Defendants admit the allegation contained in Paragraph 49 of the Third Amended Complaint that a Bill of Sale was executed and that the said Bill of Sale speaks for itself.

51. As "property used in connection with the rental and leasing of the Properties," the Buckingham Google Account was sold to Plaintiffs on April 13, 2023 and was no longer the property of any Defendants.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 51 of the Third Amended Complaint.

52. Additionally, "all interest in any leases, rents, and security deposits affecting the Subject Properties" were sold to Plaintiffs on April 13, 2023.

**ANSWER**: The Defendants admit the allegations contained in Paragraph 52 of the Third Amended Complaint.

53.     Nonetheless, between April 13, 2023 and the present, Defendant Rajiv Kamaria improperly and unlawfully hacked into the Buckingham Google Account and accessed all of Plaintiffs' proprietary emails related to Plaintiffs' business.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 53 of the Third Amended Complaint.

54.     Defendant Rajiv Kamaria even sent an email to his personal account from the Buckingham Google Account and then deleted the email from the Buckingham Google Account in attempt to cover-up his wrongdoing.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 54 of the Third Amended Complaint.

55.     At all relevant times, Defendant Rajiv Kamaria was acting on behalf of and in cooperation with Defendants Usha Kamaria, Buckingham Square LLC, and Crestview Manor Apartments LLC.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 55 of the Third Amended Complaint.

## COUNT I – BREACH OF CONTRACT

56.     Plaintiffs restate and incorporate by reference each allegation above and below as if fully set forth here.

**ANSWER**: Defendants adopt and restate their response to each allegation above and below as if fully set forth.

57.     The Real Estate Contract for the sale of the Properties, executed January 18, 2022 was a valid, binding and fully enforceable contract.

**ANSWER**: The Defendants admit that the Real Estate Contract was executed on January 18, 2022 but deny the remaining allegations contained in Paragraph 57 of the Third Amended Complaint.

58.     On January 21, 2022, Plaintiffs performed under the Contract by depositing $200,000 with an escrow agent, as required by Section 2 of the Terms and Conditions of the contract, and Section 2 of the First Amendment to Real Estate Sale Contract. Plaintiffs provided the remainder of the contracted for sales-price in accordance with the terms and conditions of the

Contract and proceed to close the transaction as Defendants transferred ownership in the Properties.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 58 of the Third Amended Complaint.

59. Despite Plaintiff's performance under the Contract, Defendants breached the Terms and Conditions of the Contract and First Amendment in the following ways:

I. Failed to provide true and correct copies of the latest rental agreements, leases, and tax bills;

II. Failed to prove true and accurate Operating Statements for the properties for the 12 calendar months preceding the effective date of the contract (January 18, 2022);

III. Failed to provide a true and accurate current rent roll;

IV. Failed to provide a true and accurate schedule of all tenant deposits and fees; and

V. Failed to update and/or correct the wrong, inaccurate, and intentionally misleading information provided at the time of Closing.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 59 of the Third Amended Complaint.

60. Defendants' failure to perform under the contract constitutes a material breach of the Terms and Conditions and caused Plaintiffs to suffer damages in excess of $75,000.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 60 of the Third Amended Complaint.

## COUNT II - FRAUD

61. Plaintiffs reassert and incorporate by reference each allegation above and below as if fully set forth here.

**ANSWER**: Defendants adopt and restate their response to each allegation above and below as if fully set forth.

62. In addition to the allegations stated above, Plaintiffs bring this count of fraud against Defendants.

**ANSWER**: The Defendants admit that Plaintiffs bring this Count against them but denies the remaining allegations contained in Paragraph 62 of the Third Amended Complaint.

63.     Defendants purposefully and intentionally provided false, misleading, incorrect, and inaccurate information about the Properties, the property taxes, leases, and rents in documentation issued to Plaintiffs.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 63 of the Third Amended Complaint.

64.     As specifically stated above, Defendant Usha and Defendant Rajiv, through their real estate agent, knowingly provided false and misleading information to Plaintiffs.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 64 of the Third Amended Complaint.

65.     On January 18, 2022, Defendants, via their real estate agent, provided via email the OM to Plaintiffs which understated the previous years' property taxes by approx. $25,000.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 65 of the Third Amended Complaint.

66.     On January 15, 2022, Defendants, via their real estate agent, provided, via email, the IER to Plaintiffs which again understated the previous years' property taxes by approx. $25,000.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 66 of the Third Amended Complaint.

67.     On January 19, 2022, Defendants, via their real estate agent, via email provided an "Updated" OM and IER to Plaintiffs, which again understated the previous years' property taxes by approx. $25,000.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 67 of the Third Amended Complaint.

68.     On February 21, 2022, Defendant Rajiv provided, via email, a "Rent Roll" which did not include that Defendants had collected rents that were paid in advance by tenants; did not include that one unit was occupied without a lease and for free by an employee and/or friend of Defendants; and did not include any information regarding the 15-20 tenants for which Defendants unjustly and without notice to Plaintiffs, issued notices to vacate.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 68 of the Third Amended Complaint.

69.    As a result of the foregoing fraudulent conduct, Plaintiffs suffered damages in excess of $25,000.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 69 of the Third Amended Complaint.

### COUNT III- FRAUDULENT INDUCEMENT

70.    Plaintiffs reassert and incorporate by reference each allegation above and below as if fully set forth here.

**ANSWER**:  Defendants adopt and restate their response to each allegation above and below as if fully set forth.

71.    In addition to Counts I and V, and in the alternative to Count II, Plaintiffs bring this count of fraudulent inducement against Defendants.

**ANSWER**:  The Defendants admit the Plaintiff brings this count of fraudulent inducement against them but denies the remaining allegations contained in Paragraph 71 of the Third Amended Complaint.

72.    On January 18, 2022, Defendants, via their real estate agent, provided via email the OM to Plaintiffs which understated the previous years' property taxes by approx. $25,000.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 72 of the Third Amended Complaint.

73.    On January 15, 2022, Defendants, via their real estate agent, provided, via email, the IER to Plaintiffs which again understated the previous years' property taxes by approx. $25,000.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 73 of the Third Amended Complaint.

74.    On January 19, 2022, Defendants, via their real estate agent, via email provided an "Updated" OM and IER to Plaintiffs, which again understated the previous years' property taxes by approx. $25,000.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 74 of the Third Amended Complaint.

75.    On February 21, 2022, Defendant Rajiv provided, via email, a "Rent Roll" which did not include that Defendants had collected rents that were paid in advance by tenants; did not include that one unit was occupied without a lease and for free by an employee and/or friend of

Defendants; and did not include any information regarding the 15-20 tenants for which Defendants unjustly and without notice to Plaintiffs, issued notices to vacate.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 75 of the Third Amended Complaint.

76.	Defendants Usha and Rajiv made these fraudulent representations to Plaintiffs with knowledge, information, and belief that these statements would be relied upon by Plaintiffs in deciding to purchase the Properties.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 76 of the Third Amended Complaint.

77.	Plaintiffs did rely on the statements contained in the OM, IER, Rent Roll, and other correspondence from Defendants in deciding to purchase the Properties.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 77 of the Third Amended Complaint.

78.	Defendants were aware of the fraudulent and wrong financial information they provided and purported to issue "updated" financial information, but the "updated" information was in fact the same wrong, inaccurate, and intentionally misleading information as previously provided.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 78 of the Third Amended Complaint.

79.	As a result of Defendants fraudulent warranties and representations, Plaintiffs decided to purchase the Properties.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 79 of the Third Amended Complaint.

80.	As a result of Defendants fraudulent warranties and representations, Plaintiffs suffered injuries and damages in excess of $25,000.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 80 of the Third Amended Complaint.

## COUNT IV – FRAUDULENT CONCEALMENT

81.	Plaintiffs reassert and incorporate by reference each allegation above and below as if fully set forth here.

**ANSWER**: Defendants adopt and restate their response to each allegation above and below as if fully set forth.

82.     In addition to Counts I and V, and in the alternative to Counts II and III, Plaintiffs bring this count of fraudulent concealment against Defendants.

**ANSWER**: The Defendants admit the Plaintiff brings this count of fraudulent concealment against them but denies the remaining allegations contained in Paragraph 82 of the Third Amended Complaint.

83.     On January 18, 2022, Defendants, via their real estate agent, provided via email the OM to Plaintiffs which understated the previous years' property taxes by approx. $25,000.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 83 of Third Amended Complaint.

84.     On January 15, 2022, Defendants, via their real estate agent, provided, via email, the IER to Plaintiffs which again understated the previous years' property taxes by approx. $25,000.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 84 of the Third Amended Complaint.

85.     On January 19, 2022, Defendants, via their real estate agent, via email provided an "Updated" OM and IER to Plaintiffs, which again understated the previous years' property taxes by approx. $25,000.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 85 of the Third Amended Complaint.

86.     On February 21, 2022, Defendant Rajiv provided, via email, a "Rent Roll" which did not include that Defendants had collected rents that were paid in advance by tenants; did not include that one unit was occupied without a lease and for free by an employee and/or friend of Defendants; and did not include any information regarding the 15-20 tenants for which Defendants unjustly and without notice to Plaintiffs, issued notices to vacate.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 86 of the Third Amended Complaint.

87.     Defendant Kamaria made these fraudulent representations to Plaintiffs with knowledge, information and belief that these statements would be relied upon by Plaintiffs in deciding to purchase the Properties.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 87 of the Third Amended Complaint.

88.     Plaintiffs did rely on the statements contained in the OM, IER, Rent Roll, and other correspondence from Defendants in deciding to purchase the Properties.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 88 of the Third Amended Complaint.

89.     Pursuant to the duties and obligations detailed in the Contract, Defendants were under a continuing duty to provide accurate and reliable information, and to continue to supplement information known to be inaccurate.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 89 of the Third Amended Complaint.

90.     Defendants were aware of the fraudulent and wrong financial information they provided and purported to issue "updated" financial information, but the "updated" information was in fact the same wrong, inaccurate, and intentionally misleading information as previously provided.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 90 of the Third Amended Complaint.

91.     As a result of Defendants fraudulent warranties and representations, Plaintiffs decided to purchase the Properties.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 91 of the Third Amended Complaint.

92.     As a result of Defendants fraudulent warranties and representations, Plaintiffs suffered injuries and damages in excess of $25,000.

## COUNT V – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

93.     Plaintiffs reassert and incorporate by reference each allegation above and below as if fully set forth here.

**ANSWER**: Defendants adopt and restate their response to each allegation above and below as if fully set forth.

94.     In addition to the previous counts, Plaintiffs bring this count for intentional interference with a contractual relationship against Defendants.

**ANSWER**: The Defendants admit the Plaintiff brings this count for intentional interference against them but denies the remaining allegations contained in Paragraph 94 of the Third Amended Complaint.

95. Plaintiffs and Defendants entered into a valid, binding, and enforceable contract whereby Defendants transferred to Plaintiffs any and all "interest in and to any leases, rents and security deposits affecting the properties, [and] license and occupancy agreements…."

**ANSWER**: The Defendants deny the allegations contained in Paragraph 95 of the Third Amended Complaint.

96. Once Plaintiffs and Defendants executed the documents and closed on the sale of the Properties, Sellers became the sole and exclusive counter-party to the leases, license and occupancy agreements for tenants who reside in the Properties.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 96 of the Third Amended Complaint.

97. Defendants knew Plaintiffs were assuming the contractual relationships with the tenants who reside in the Properties and sought to interfere with Plaintiffs rights under those tenant agreements.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 97 of the Third Amended Complaint.

98. Specifically, Defendants intentionally unlawfully and without justification coerced tenants to pay monthly-rent that had not yet come due, early and to Defendants and deprived Plaintiffs of rents which they were entitled to by law.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 98 of the Third Amended Complaint.

99. Additionally, Defendants intentionally coerced, persuaded, and/or unjustly influenced 15- 20 tenants of the Properties to abandon their leases and to vacate the properties, which deprived Plaintiffs of rents which they were entitled to by law.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 99 of the Third Amended Complaint.

100. Defendants' actions caused Plaintiffs to suffer monetary damages in excess of approximately $200,000.

**ANSWER**: The Defendants deny the allegations contained in Paragraph 100 of the Third Amended Complaint.

**COUNT VI – FRAUDULENT INDUCEMENT**

101.    Plaintiffs reassert and incorporate by reference each allegation above and below as if fully set forth here.

**ANSWER**:  Defendants adopt and restate their response to each allegation above and below as if fully set forth.

102.    In addition to the previous counts, Plaintiffs bring this count for fraudulent inducement against Defendants.

**ANSWER**:  The Defendants admit the Plaintiffs brings this count for fraudulent inducement against them but denies the remaining allegations contained in Paragraph 102 of the Third Amended Complaint.

103.    On January 12, 2022, Defendants, via their real estate broker, provided via email warranties and representations to Plaintiffs that "all roofs are less than 4 years old."

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 103 of the Third Amended Complaint.

104.    Two of the properties, 2315 Eastmoreland and 2404 Eastmoreland had roofs substantially older than 4 years, were damaged to the point of causing interior damage to the property and posed a health and safety risk to tenants.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 104 of the Third Amended Complaint.

105.    Defendants made these fraudulent misrepresentations to Plaintiffs, knowing that the statements were false, and with the intent that the statements would induce Plaintiffs to increase their purchase price for the properties.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 105 of the Third Amended Complaint.

106.    Plaintiffs did rely on the statements in Defendants' real estate broker's January 12 email in deciding to purchase the Properties and for what amount.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 106 of the Third Amended Complaint.

107.    As a result of Defendants fraudulent warranties and misrepresentations, Plaintiffs decided to purchase the Property for the amount stated in the Contract.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 107 of the Third Amended Complaint.

108.    As a result of Defendants' fraudulent warranties and misrepresentations, Plaintiffs suffered injuries and damages in excess of $35,000.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 108 of the Third Amended Complaint.

## COUNT VII – § 2701 and § 2707. UNLAWFUL ACCESS TO STORED COMMUNICATIONS

109.    Plaintiffs reassert and incorporate by reference each allegation above and below as if fully set forth here.

**ANSWER**:  Defendants adopt and restate their response to each allegation above and below as if fully set forth.

110.    In addition to the previous counts, Plaintiffs bring this count for Defendants' violation of § 2701 - unlawful access of Plaintiffs' stored communications.

**ANSWER**:  The Defendants admit that the Plaintiffs bring this count for violation of § 2701 - unlawful access of Plaintiffs' stored communications against them but denies the remaining allegations contained in Paragraph 110 of the Third Amended Complaint.

111.    Between April 13, 2023 and present, Defendants intentionally accessed a facility through which an electronic communication service is provided without authorization and thereby obtained, altered, and prevented authorized access to electronic communications.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 111 of the Third Amended Complaint.

112.    Specifically, Defendants improperly and unlawfully hacked into the Buckingham Google Account and accessed all of Plaintiffs' proprietary emails, including but not limited to, financial statements, resident lists, resident personal and financial information, and collections information.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 112 of the Third Amended Complaint.

113.    Defendants even sent an email to Rajiv Kamaria's personal account from the Buckingham Google Account and then deleted the email from the Buckingham Google Account in attempt to cover-up their wrongdoing.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 113 of the Third Amended Complaint.

114.    Defendants' misconduct has caused Plaintiffs to be damaged in an amount to be determined at trial.

**ANSWER**:  The Defendants deny the allegations contained in Paragraph 114 of the Third Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense as to All Counts

The individual Plaintiffs lack standing to sue because they assigned their interest in the real estate to the corporate Plaintiffs and consequently, they are not parties to the Contract.

### Second Affirmative Defense as to All Counts

Plaintiffs failed to mitigate their alleged damages, and any damages to Plaintiffs must be reduced accordingly.

### Third Affirmative Defense as to All Counts

The Third Amended Complaint and each purposed claim therein fails to state facts sufficient to entitle Plaintiffs to an award of fees and costs against Defendants.

### Fourth Affirmative Defense as to All Counts

Plaintiffs' claims are time barred by the provisions of the Contract including but not limited to Section 37 of said Contract.

### Fifth Affirmative Defense as to All Counts

Plaintiffs' claims are barred by the applicable statute of limitations.

### Sixth Affirmative Defense as to All Counts

Plaintiffs's claims are barred by the doctrines of laches and estoppel.

### Seventh Affirmative Defense as to All Counts

Plaintiffs' claims are barred by the doctrine of waiver.

### Eighth Affirmative Defense as to All Counts

Plaintiffs' claims are barred, in whole or in part, by the terms of the parties' agreements including but not limited to the Contract, the First Amendment and the Second Amendment.

### Ninth Affirmative Defense as to All Counts

If Plaintiffs suffered any damages and/or losses as alleged, they were caused solely and proximately by their own carelessness, recklessness, and negligence, or that of third parties over whom Defendants had no control and for whose acts Defendants bear no legal responsibility.

### Tenth Affirmative Defense as to All Counts

Plaintiffs' unclean hands with respect to the transactions in question and matters as issue prevent Plaintiffs from obtain the relief requested.

### Eleventh Affirmative Defense as to All Counts

Plaintiffs' claims are barred in whole or in part because they ratified the complained of conduct.

### Twelfth Affirmative Defense as to All Counts

The Plaintiffs' alleged conduct is not the proximate case of the Defendants' alleged damages.

### Thirteenth Affirmative Defense as to All Counts

The Court has no jurisdiction over the matter for the reason that the actual amount in controversy is less than $75,000.00.

### Fourteenth Affirmative Defense as to All Counts

That pursuant to the doctrine of Merger by Deed all prior agreements, warranties, and representations of the Defendants merged into the deeds conveying the subject properties and upon acceptance of the deeds by the Plaintiffs, the deeds supersede the provisions of the Contract.

### Fifteenth Affirmative Defense – as to Count I of Plaintiffs' Third Amended Complaint

Plaintiffs' claim as to breach of contract is barred by the doctrine of equitable estoppel, or by failure of condition precedent.

### Sixteenth Affirmative Defense– as to Count II of Plaintiffs' Third Amended Complaint

Plaintiffs did not plead their fraud claim with requisite particularity under FRCP 9(b); and any alleged misrepresentation is not actionable as an omission because Defendants did not have a duty to disclose any such information. Plaintiffs had an opportunity to investigate the truth of the alleged misrepresentation and failed to investigate.

### Seventeenth Affirmative Defense – as to Count III of Plaintiffs' Third Amended Complaint

Plaintiffs did not plead their fraudulent inducement claim with requisite particularity under FRCP 9(b). Plaintiffs' claim is duplicative of their claim of fraud.

**Eighteenth Affirmative Defense – Count IV of Plaintiff's Third Amended Complaint**

Plaintiffs did not plead their fraudulent concealment claim with requisite particularity under FRCP 9(b). Plaintiffs' claim is duplicative of their claim of fraud.

**Nineteenth Affirmative Defense – Count V of Plaintiffs Third Amended Complaint**

Plaintiffs did not plead their interference with a contractual relationship claim with requisite particularity under FRCP 9(b). Plaintiffs ratified and were otherwise aware of the conduct alleged and the Defendants therefore did not directly or willfully interfere with the alleged contractual relationship(s). Plaintiffs did not plead that their contractual relationship would have been completed but for Defendants' alleged interference.

**Twentieth Affirmative Defense as to Counts I - VI**

That pursuant to Section 30 of the said Contract "there are no understandings, oral or written, which in any way alter [Contract] terms and there are no warranties or representations of any nature, whatsoever, either expressed or implied except as set forth herein". Accordingly, all Plaintiff's claims based upon an representation not made in the Contract are not actionable as the parties' duties and obligations are controlled by the Contract.

**Twenty-First Affirmative Defense as to Counts I - VI**

That pursuant to the terms of the Contract the property was sold "as-is". Specifically, Section 8 of the said Contract provided, in relevant part, as follows:

> "It is understood and agreed that the property is being sold "as-is"; that Buyer has or will have, prior to the closing date, inspected the property and that neither seller or agent except as otherwise provided for herein, makes any representation or warranty as to the physical condition or value of the property or suitability for the Buyer's intended use."

As such Plaintiffs' claims regarding the physical condition and value of the properties are not actionable.

**Twenty-Second Affirmative Defense as to Counts I - VI**

The Effective Date of the Contract was January 30, 2022 as defined by Section 31 of the said Contract.

## COUNTERCLAIM

Defendants, by and through their undersigned counsel, for their Counterclaim against Plaintiffs, state as follows:

## COUNT I
### Breach of the Implied Covenant of Good Faith and Fair Dealing

1.      Defendants incorporate by reference their answers set forth above as if fully set forth herein.

2.      The parties had existing obligations under the contract and subsequent Amendments to the contract.

3.      At Closing the parties agreed that Plaintiffs were to credit Defendants for prorated utility charges in connection to the property for which Defendants were liable at time of closing under §4(a) of the Contract.

4.      At Closing, the parties agreed that Defendants were then liable for $10,600.00 of utility bills, for which Plaintiffs did not credit them.

5.      At Closing, the parties agreed that Plaintiffs were to credit Defendants for personal property at the contract property as of the date of Closing under §4(a) of the Contract.

6.      On or about April 14, 2022, the corporate Plaintiffs made a payment for that personal property to Defendants of $12,000.00 by tendering a check.

7.      Defendants attempted to deposit the check on or about April 14, 2022.

8.      The check was returned because the Plaintiffs had stopped payment thereof.

9.      Defendants were harmed by Plaintiffs' cancellation of the check, and because Plaintiffs did not credit Defendants for the utility bill and personal property.

WHEREFORE, the Defendants, USHA KAMARIA, RAJIV KAMARIA, BUCKINGHAM SQUARE, LLC and CRESTVIEW MANOR APARTMENTS, LLC pray that this Court entered judgment in their favor and against the Plaintiffs in the amount of the check plus statutory penalties and attorney's fees as allowed pursuant to 810 ILCS 5/3-806.

## COUNT II

10.      That the parties entered into a certain Contract as more particularly alleged in Plaintiffs' Complaint and attached as an Exhibit thereto. Pursuant to the terms of the said Contract, in event of litigation the prevailing party is entitled to its reasonable attorney's fees and costs.

11.      That there in fact exists litigation arising out the terms of the said Contract and that the Defendants have and will incurred attorney's fees and costs and are entitled to the same as a prevailing party.

**WHEREFORE**, the Defendants, USHA KAMARIA, RAJIV KAMARIA, BUCKINGHAM SQUARE, LLC and CRESTVIEW MANOR APARTMENTS, LLC, pray that this Court deny the Third Amended Complaint and Defendants be awarded their attorney's fees and costs and that the Court grant such other and further relief as it deems reasonable and just.

Dated: January 5, 2024

Respectfully submitted,
/s/ Robert C. Pottinger
Robert C. Pottinger
Barrick, Switzer, Long, Balsley & Van Evera
6833 Stalter Drive
Rockford, IL 61108
815-962-6611
rcpottinger@bslbv.com

**Attorney for Defendants Usha Kamaria, Rajiv Kamaria, Buckingham Square, LLC and Crestview Manor Apartments, LLC**