IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Avrahom Orhoff, et al, | ) |
|       Plaintiffs, | ) |
| | ) Case No. 23 C 50097 |
|   v. | ) |
| | ) Magistrate Judge Margaret J. Schneider |
| Usha Kamaria, et al, | ) |
| | ) |
|       Defendants. | ) |

## REPORT AND RECOMMENDATION

It is this Court's Report and Recommendation that non-parties Listing Leaders Northwest and its agent Erik Hoelzeman be held in civil contempt. Any objection to this Report and Recommendation must be filed by August 29, 2024. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989). The Clerk is directed to serve Listing Leaders Northwest and Erik Hoelzeman with a copy of this Court's order.

## BACKGROUND

The Court certifies the following facts in accordance with to 28 U.S.C. 636(e)(6)(B)(iii). On March 21, 2023, Plaintiffs Avrahom Orloff and Moshe Silber ("Plaintiffs") filed this lawsuit alleging breach of contract, fraud, and other claims arising out of Plaintiffs' purchase of commercial real estate property in Rockford, IL [1]. Plaintiff seeks an award of monetary damages against Defendants Usha Kamaria, Rajiv Kamaria, Buckingham Square LLC, and Crestview Manor Apartments LLC, plus attorneys' fees and costs. *Id.*

On January 30, 2024, Plaintiffs served a subpoena for documents pertaining to the sale of properties at dispute in this case on Listing Leaders Northwest ("Listing Leaders"). When Plaintiffs did not receive a response to their subpoena, they corresponded with the managing broker for Listing Leaders, Erik Hoelzeman. While Hoelzeman agreed to comply with the subpoena, no records were ever disclosed in compliance with the subpoena. *See* [69], [69-1], [69-2], [69-3]. Plaintiff then filed a motion for rule to show cause against Erik Hoelzeman and Listing Leaders on April 10, 2024. *Id.*

On April 11, 2024, the Court issued an order setting a telephonic motion hearing on May 30, 2024, on Plaintiffs' motion for rule to show cause [70]. The order required that Erik Hoelzeman and Listing Leaders to appear, and that Plaintiffs personally serve Erik Hoelzeman and Listing Leaders with the Court's order. *Id.* On April 26, 2024, Plaintiffs personally served Erik Hoelzeman with a copy of the Court's order [71]. On May 30, 2024, the Court held the hearing on Plaintiffs' motion for rule to show cause [72]. Neither Erik Hoelzeman nor a legal representative of Listing Leaders appeared. *Id.* The Court granted the motion on May 30, 2024, and issued an

order for rule to show cause, scheduling a hearing on the motion for July 2, 2024. *Id*. That order also required that Defendants serve Erik Hoelzeman and Listing Leaders with a copy of the Court's order. *Id.* On June 18, 2024, Plaintiff served Erik Hoelzeman via personal service with a copy of the order [73]. Thereafter, on July 2, 2024, the Court held the hearing on Plaintiffs' motion as scheduled, and again neither Erik Hoelzeman nor a legal representative of Listing Leaders failed to appear [54].

## DISCUSSION

A court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). A party must raise any objection to a subpoena before "the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). If the party does not submit a written objection, Rule 45(g) "does not require the court to first order compliance before imposing the sanction of contempt." *U.S. S.E.C. v. Hyatt*, 621 F.3d 698, 690 (7th Cir. 2010). Civil contempt is authorized pursuant to 28 U.S.C. § 1826(a). To find civil contempt requires the establishment of the following factors: "(1) the Order sets forth an unambiguous command; (2) [the alleged contemnor] violated that command; (3) [the] . . . violation was significant, meaning it did not substantially comply with the Order; and (4) [the alleged contemnor] failed to take steps to reasonably and diligently comply with the order." *Prima Tek II, L.L.C. v. Klerk's Plastic Indus.*, 525 F.3d 533, 542 (7th Cir. 2008). "Whether an order is reasonably specific is 'a question of fact to be resolved with reference to the context in which the order is entered and the audience to which it is addressed.'" *Grove Fresh Distribs. v. John Labatt, Ltd.*, 888 F. Supp. 1427, 1437 (internal citation omitted). The standard of proof for civil contempt is by clear and convincing evidence. *Id.* at 1436.

Erik Hoelzeman and Listing Leaders have failed to comply with Plaintiffs' subpoena for documents and the Court's May 30, 2024, order enforcing it. Both the subpoena and the Court's order specifically instructed that Erik Hoelzeman and Listing Leaders were to comply with the subpoena and produce requested documents. This Court recommends that the District Court find that Erik Hoelzeman's and Listing Leaders' failure to respond to the subpoena or the Court's order was a failure to comply with a "reasonably specific" Court order. Pursuant to 28 U.S.C. § 636(e), a Magistrate Judge cannot enter an order finding and punishing contempt. Accordingly, it is this Court's report and recommendation that Erik Hoelzeman and Listing Leaders Northwest be held in contempt. Any objection to this Report and Recommendation must be filed by August 29, 2024. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989). The Clerk is directed to serve Erik Hoelzeman and Listing Leaders with a copy of this Court's order.

Date: August 15, 2024　　　　　　　　　　ENTER:

　　　　　　　　　　　　　　　　　　　　_Margaret J. Schneider_
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge