## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| AVRAHAM ORLOFF, et. al., | |
| Plaintiffs, | |
| v. | Case No.: 23-CV-50097 |
| USHA KAMARIA et. al., | |
| Defendants. | Honorable Iain D. Johnston |

## OPINION AND ORDER ON MOTIONS IN LIMINE

Plaintiffs allege breach of contract, fraud, two counts of fraudulent inducement, fraudulent concealment, and unlawful access to stored communications arising out of a transaction involving the sale and purchase of the Crestview and Buckingham Square apartment complexes in Rockford, Illinois.

The action is set for trial beginning July 27, 2026. Defendants made one motion in limine while Plaintiffs made three. Dkt. 122 Ex. 11. For the following reasons, Plaintiffs' motions are granted in part and denied in part. Defendants' motion is denied.

A motion in limine has the limited purpose of eliminating evidence "that clearly ought not be presented . . . because [it] clearly would be inadmissable [sic] for any purpose." *Jonasson v. Lutheran Child & Family Svcs.*, 115 F.3d 436, 440 (7th Cir. 1997). The party seeking to exclude evidence "has the burden of establishing the evidence is not admissible for any purpose." *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009).

## I. Plaintiffs' Motions in Limine

Plaintiffs have made three motions in limine: (i) seeking to bar any argument or testimony that Defendants had a right to access Plaintiffs' business email account; (ii) seeking to bar any argument or testimony relating to increases in rent or property value as a mitigation to damages; and (iii) seeking to bar any argument or testimony suggesting that industry practice permits or excuses inaccurate disclosures.

### i. *Email Account Access*

Plaintiffs seek to bar Defendants from testifying about whether they had a legal right to access the email account. The Court already determined on summary judgment that Defendants didn't have that right. Defendants cannot introduce testimony suggesting that they had a legal right to access the account.

However, whether someone has a right to do something is a distinct question from whether someone *thinks* they have a right to do that same thing. This simple and clear distinction does not present 403 problems. The issue of whether Defendants *thought* they had a legal right to access the email is relevant because it goes to Defendants' state of mind, a fact of consequence in deciding the damages award. *See* 18 U.S.C. § 2707 ("If the violation is willful or intentional, the court may assess punitive damages.")

Accordingly, Defendants are barred from introducing testimony about whether they had a legal right to access the email account. They are not barred, however, from testifying or arguing about whether they thought they had that right.

### ii. *Rent Increases or Property Value Increases*

Plaintiffs have moved to bar argument or testimony related to rent increases or property value increases mitigating damages. Plaintiffs first contend that this evidence is barred by the collateral source rule. The collateral source rule prevents independent payments to the injured from a source unrelated to the tortfeasor from

reducing the damage award. *Wills v. Foster*, 892 N.E.2d 1018, 1022 (Ill. App. Ct. 2008). The rule applies to insurance policies, employment benefits, gratuities, or social legislation. Comment to Restatement (Second) of Torts § 920 (1979). It does not apply to any rent increases or property values potentially at issue in this case. The collateral source rule does not bar testimony or discussion about such issues.

Plaintiffs also argue that any discussion of rent increases and property value changes should be barred because the issues are irrelevant or, alternatively, the probative value is substantially outweighed by Rule 403 factors. *See* Fed. R. Evid. 401, 403.

Plaintiffs assert that a miscalculated cap rate led them to overpay for the properties. The cap rate reflects an estimated rate of return. *See* James Chen, *Capitalization Rate: Cap Rate Defined with Formula and Examples*, Investopedia (Nov. 8, 2025), https://www.investopedia.com/terms/c/capitalizationrate.asp. Discussion of the actual rate of return reflected in rent increases and property value changes may be relevant to understanding the *accuracy* of the cap rate estimate. It is also relevant to the question of whether Plaintiffs made reasonable efforts to mitigate damages. *Nancy's Home of the Stuffed Pizza, Inc. v. Cirrincione*, 494 N.E.2d 795, 800 (Ill. App. Ct. 1986) ("A party being damaged cannot stand idly by and allow the injury to continue and increase without making reasonable efforts to avoid further loss.") Reasonableness is a quintessential jury question. *See United States v. Harra*, 985 F.3d 196, 215 (3d Cir. 2021) ("Reasonableness is for the jury, not the judge."). Evidence about rent increases and property value changes is relevant for deciding the reasonableness of any mitigation.

A jury is likely aware and can certainly be told that many different considerations and factors affect rent increases and property values, especially over the length of time a federal civil case takes to go to trial. A jury can also understand that evidence of subsequent acts related to mitigation is distinct from the underlying claims of fraud and breach of contract. The risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence" is low. Fed. R. Evid. 403. This evidence is not clearly inadmissible.

### iii. Industry Practice

In their third motion in limine, Plaintiffs seek to bar any testimony suggesting industry practice permits or excuses inaccurate disclosures. Defendants' response seeks to bar both parties from testifying about industry standards on the basis that it would be improper expert testimony. To the extent that either party seeks to introduce expert testimony through non-experts, that testimony is of course barred. Defendants don't otherwise respond to Plaintiffs' motion. Plaintiffs' motion is granted because the evidence's probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

## II.    Defendants' Motion in Limine

Defendants have made one motion in limine seeking to prohibit any testimony about the computation of damages based on a capitalization rate differential, future real estate taxes, and the roof conditions.

Opinion testimony by lay witnesses is governed by Fed. R. Evid. 701:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The witnesses in this case are not testifying as experts. Therefore, the question is whether the witnesses' testimony is proper lay witness opinion or non-opinion testimony.

Defendants have not shown how Plaintiffs' testimony about the cap rate or future real estate taxes would veer into impermissible expert testimony by a lay witness. In fact, Defendants' motion states "Mr. Orloff and Mr. Silber are members

and managers and do not have any specialized knowledge with regard to capitalization rate calculation, real estate tax projections into the future or roof conditions or property conditions." Well, if they don't have any specialized knowledge they are presumably testifying from personal knowledge. Their testimony won't violate Rule 701 (if the rule's other requirements are met). Defendants don't suggest that the witnesses' testimony will otherwise violate Rule 701. It isn't appropriate to bar the testimony at this stage.

Plaintiffs can testify about the impact of roof conditions on the computation of damages. Such testimony is based on the witnesses' personal knowledge of the roofs and the costs incurred when repairing them.

It's not clear whether Defendants object based on the disclosures of Avi Orloff and Mark Silber as witnesses. If they did, that objection is not well taken. Both witnesses are clearly disclosed in the witness description list, where it is noted they may be testifying about the facts and circumstances of the pleadings. This includes the issues discussed above. For these reasons, Defendants' motion is denied.

## III.    Conclusion

For the above reasons, Plaintiffs' motions in limine are granted in part and denied in part. Defendants are barred from introducing testimony or arguing that they *had* the *legal* right to access Plaintiffs' email. Testimony or argument about Defendants' beliefs are not. Evidence about subsequent rent changes or property value increases is not barred. Plaintiffs' motion to bar any testimony suggesting industry practice permits or excuses inaccurate disclosures is granted. Defendants' motion in limine is denied.

Entered: January 6, 2026

By: _____
Iain D. Johnston
U.S. District Judge